UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEEAN, *et al.*,<br><br>　　　　Defendants. | Case No. 1:24-cv-01341-EPG (PC)<br><br>ORDER DIRECTING CLERK TO ADD JOHN DOE DEFENDANT TO THE DOCKET<br><br>ORDER PERMITTING PLAINTIFF TO PROCEED ON THE FOLLOWING CLAIMS AGAINST ALL DEFENDANTS: UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT UNDER THE EIGHTH AMENDMENT; DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS UNDER THE EIGHTH AMENDMENT; AND NEGLIGENCE UNDER CALIFORNIA LAW<br><br>(ECF No. 1) |

Plaintiff Julian J. Alexander is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). Generally, Plaintiff alleges that Defendants, all prison staff, violated his Eighth Amendment rights by placing him in a cell contaminated with a chemical spray and thereafter denying him medical care. He also argues that Defendants' conduct constitutes negligence under California law.

The complaint is now before the Court for screening. Upon review, the Court will permit Plaintiff to proceed on the following claims against Defendants Geean, Foster, Rios, Millard, Torres, Gray, Bui, Thoa, and John Doe: unconstitutional conditions of confinement under the Eighth Amendment; deliberate indifference to serious medical needs under the Eighth Amendment; and negligence under California law.

1

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915, which requires a court to dismiss a case if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff states that the events described in the complaint happened at California State

Prison, Corcoran (Corcoran).[1] He names the following Defendants, who are all Corcoran employees: (1) Associate Warden Geean; (2) Sergeant Foster; (3) Sergeant Rios; (4) Correction Officer (CO) Millard; (5) CO Torres; (6) CO Gray; (7) CO Bui; (8) CO Thoa; and (9) Lieutenant John Doe.

Plaintiff brings three claims: (1) unconstitutional conditions of confinement under the Eighth Amendment;[2] (2) deliberate indifference to serious medical needs under the Eighth Amendment; and (3) negligence under California law. He asserts that his "state law claims . . . were submitted to the Government Claims Board and subsequently denied."

Plaintiff's claims all stem from the same chain of events. He alleges as follows.

In September 2023, Plaintiff was confined at Corcoran and suffered from "deep depression" based on "deliberate interruptions with his mental health treatment" by prison staff. Unspecified events led to Plaintiff being placed "in the mental health crisis bed." A triggering event for what follows was the "unannounced move of his clinician, Ms. Enriguez."

In order "to capture honest answers," Plaintiff decided "to take his food port at Cell #22 hostage at medication pass." During "this protest," all the Defendants, aside from Geean, "would appear in [an] attempt to evaluate as well as deescalate the situation." These so-called "approaches" went on for at least three hours. Eventually, Geean was also called to the scene and attempted to talk to Plaintiff, but "was dismissed from the location." Plaintiff's clinician (also referred to as his therapist) Ms. Enriquez tried to talk to Plaintiff but this was likewise unsuccessful because the other Defendants would not leave the area so as to allow Plaintiff to have a private discussion.

Plaintiff was eventually directed to exit his cell to receive an involuntary injection of Zyprexa and to be placed on suicide watch. However, he refused to comply, leading to the

---

[1] For readability, minor alterations, like correcting misspellings and altering capitalization, have been made to some of Plaintiff's quotations without indicating each change.

[2] Plaintiff lists one of his claims as "cruel and unusual punishment." Liberally construed, and for the reasons discussed below, Plaintiff's relevant allegations implicate a claim for unconstitutional conditions of confinement under the Eighth Amendment. The Court likewise notes that the complaint cursorily refers to "HIPPA rights," "retaliation," and "California statutes." However, it does not appear that Plaintiff intends to bring any additional claims based on these isolated references.

decision to use "OC Vapor," a chemical agent, to forcibly extract him from his cell. OC Vapor is extremely powerful and is "designed to absorb all of the oxygen out of the air, which causes one to suffocate." After the OC Vapor was deployed, Plaintiff immediately surrendered and was brought out to receive his involuntary injection.

Following the injection, Plaintiff was being escorted by extraction team members Millard, Torres, Gray, Thoa, and Bui. Additionally, Supervisors Geean, Foster, Rios, and John Doe were on the scene. Plaintiff says the decision was made to immediately force him back into the same cell that had been contaminated by the OC Vapor.

Plaintiff protested being returned to the cell, "informing all bystanders that he could not breathe," nothing that he was the only one not wearing a gas mask. However, they proceeded to force Plaintiff back into the cell.

After he complained of chest pains, he was brought to the nursing area, his vitals were taken, and within minutes he was placed back in the same contaminated cell. "Plaintiff's eyes and skin ignited, causing an excruciating pain." His ability to breathe oxygen was nearly non-existent. "Plaintiff repeatedly made all Defendants aware of the fact that he was having extreme difficulty breathing." However, no Defendant attempted to stop what was taking place. Plaintiff states that he continues to suffer chest/lung pains, anxiety, hypertension, loss of sleep, depression, humiliation, and nightmares as a result of what happened.

As for relief, Plaintiff seeks monetary damages.

### III.      ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.      Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*,

490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

### B.     Unconstitutional Conditions of Confinement

One of Plaintiff's main allegations is that he was placed in a cell that was recently contaminated with a chemical spray.

5

It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer,* 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson,* 217 F.3d at 731. Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998).

Liberally construing the complaint in Plaintiff's favor, Plaintiff's allegations that all Defendants either (1) placed him in a cell recently contaminated with a chemical spray or (2) failed to take any action after he complained about not being able to breathe (along with experiencing other serious symptoms) are sufficient to state a claim against all Defendants for unconstitutional conditions of confinement under the Eighth Amendment to proceed past

screening. *See Lopez v. Cate*, No. 1:10-CV-01773-AWI, 2013 WL 239097, at *8 (E.D. Cal. Jan. 22, 2013), *report and recommendation adopted*, No. 1:10-CV-01773-AWI, 2013 WL 1151980 (E.D. Cal. Mar. 19, 2013) (finding conditions-of-confinement claim based on "allegations regarding [the plaintiff's] placement in [a] cell contaminated with pepper spray").

### C. Deliberate Indifference to Serious Medical Needs

Plaintiff also complains about the denial of medical treatment following his exposure to the chemical spray.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992)), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (*en banc*).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Here, Plaintiff alleges that he was placed in a cell contaminated by a chemical spray despite his complaints to Defendants of being unable to breathe. He was then removed from the cell, with the only medical treatment being a check of his vitals. Shortly thereafter, he was returned to the same cell. This exposure resulted in Plaintiff not being able to breathe, suffering

irritation to his eyes and skin, and continuing problems, including chest pains, lung pains, anxiety, and hypertension. The complaint indicates that Defendants personally participated in (or at least stood by during) these events.

Liberally construing the complaint in Plaintiff's favor, such allegations sufficiently state a claim for deliberate indifference to serious medical needs under the Eighth Amendment against all the Defendants to proceed past screening.

### D. Negligence

Plaintiff's negligence claim under California state law appears to be based on his placement in the contaminated cell and Defendants' failure to provide him adequate medical care following his exposure to the chemical spray. The following legal standards are applicable for this claim.

California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings County (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal.4th at 1243.

Here, Plaintiff alleges that he submitted his state law claims to "the Government Claims Board," and they were "subsequently denied." (ECF No. 1, p. 9). Accordingly, the Court considers the presentation requirement met for purposes of this screening order, and turns to the elements of a negligence claim.

> Under California law, [t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).

*Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (internal citation and quotation marks

1  omitted).

2      The Court notes that California law likewise has provisions applicable to public entities and employees. For example, while a public entity is generally not responsible for injuries to prisoners, "[n]othing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Likewise, in terms of providing medical care, "a public employee . . . is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." Cal. Gov't Code § 845.6.

    With these standards in mind and liberally construing the complaint in Plaintiff's favor, Plaintiff's allegations that he was placed in a cell contaminated by a chemical spray and denied medical attention for his exposures are sufficient to state a negligence claim against all Defendants under California law to proceed past screening.

## IV. CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The Clerk of Court shall add John Doe as a Defendant on the docket.
2. This case shall proceed on the following claims against Defendants Geean, Foster, Rios, Millard, Torres, Gray, Bui, Thoa, and John Doe: unconstitutional conditions of confinement under the Eighth Amendment; deliberate indifference to serious medical needs under the Eighth Amendment; and negligence under California law.

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

3. As the Court has concluded that Plaintiff sufficiently states a claim for all of the claims raised in his complaint, the Court will issue an order regarding service of the complaint in due course.³

IT IS SO ORDERED.

Dated: **November 14, 2024**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

---

³ It will be necessary for Plaintiff to identify the name of the John Doe Defendant to achieve service. The Court will address this further in due course.