UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>            Plaintiff,<br><br>      v.<br><br>GEEAN, et al.,<br><br>            Defendant(s). | Case No. 1:24-cv-01341-EPG (PC)<br><br>ORDER REGARDING EARLY SETTLEMENT CONFERENCE<br><br>ORDER DIRECTING CLERK TO SERVE SUPERVISING DEPUTY ATTORNEY GENERAL LAWRENCE BRAGG WITH A COPY OF: 1) PLAINTIFF'S COMPLAINT (ECF NO. 1); 2) THE SCREENING ORDER (ECF NO. 7); AND 3) THIS ORDER |

Julian J. Alexander ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court has screened Plaintiff's complaint and allowed at least one claim to proceed past screening. At least one defendant has waived service of process.

The Court now directs the parties to participate in a settlement conference before a Magistrate Judge to see if the case can reach an early settlement. Neither side is waiving any claims, defenses, or objections by participating in this settlement conference.

\\\
\\\
\\\

1

Defense counsel is directed to consider Plaintiff's claim(s) and to speak with Plaintiff following this order.[1] If, after investigating Plaintiff's claim(s) and speaking with Plaintiff, and conferring with defense counsel's supervisor, defense counsel in good faith finds that a settlement conference would not be productive at this time, defense counsel may opt out of this settlement conference by filing a notice (a motion is unnecessary) with the Court, in which case the matter will proceed without an early settlement conference.

If defense counsel opts out of the settlement conference, or if the case does not settle at the conference, the case will proceed to litigation.[2]

If defense counsel does not opt out, the Court will issue separate order(s) setting the settlement conference and detailing the pre-settlement conference procedures in due course.

Accordingly, IT IS HEREBY ORDERED that:

1. Within forty-five days from the date of service of this order, the assigned Deputy Attorney General shall either: (1) file a notice stating that Defendant(s) opt out of the settlement conference; or (2) contact ADR Coordinator Sujean Park (spark@caed.uscourts.gov) to schedule the settlement conference. If the assigned Deputy Attorney General does not opt out of the settlement conference, the Court will issue an order setting a settlement conference. That order will include the date of the conference and the Magistrate Judge who will oversee the conference, and may also include procedures required by that Judge.[3]

2. The parties are reminded to keep the Court informed of their current address. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." See L.R. 182(f).

3. The Clerk of Court shall serve Supervising Deputy Attorney General Lawrence

---

[1] The parties may confer by letter.
[2] If the case proceeds to a settlement conference, the Court will not schedule the case until after the settlement conference is held. Nothing in this order extends Defendant(s)' deadline to file a responsive pleading, but Defendant(s) may file a motion to extend the deadline to respond to the complaint.
[3] The undersigned will not be the Magistrate Judge overseeing the settlement conference.

Bragg with a copy of: (1) Plaintiff's complaint (ECF No. 1); (2) the screening order (ECF No. 7); and (3) this order.

IT IS SO ORDERED.

Dated: __**January 10, 2025**__        /s/ *Eric P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE