1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JULIAN J. ALEXANDER,

          Plaintiff,

    v.

FOSTER, et al.,

          Defendant.

Case No.   1:24-cv-01341-KES-EPG (PC)

ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO PRODUCTION OF DOCUMENTS BASED ON THE OFFICIAL INFORMATION PRIVILEGE

(ECF No. 40)

Plaintiff Julian J. Alexander is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on November 1, 2024.  (ECF No. 1).  Plaintiff alleges that correctional officers at Corcoran State Prison (CSP) violated his Eighth Amendment rights by placing him in a cell contaminated with a chemical spray and thereafter denying him medical care.  (ECF No. 1).

Now before the Court are Defendants' Objections to Court Order Requiring Parties to Exchange Documents.  (ECF No. 40).

## I.   BACKGROUND

On October 10, 2025, Defendants submitted documents they have withheld pursuant to the official information privilege, specifically:

1. Incident Commander's Review/Critique (AGOPRIV000001-AGOPRIV000003);

2. Manager's Review-First Level (AGOPRIV000004-AGOPRIV000005);

3. Manager's Review-Second Level (AGOPRIV000006-AGOPRIV000007);

4. IERC Executive Review Committee ("IERC") Critique and Qualitative Evaluation (AGOPRIV000008-AGOPRIV000009);

1

1      5. IERC Use of Force Review & Further Action Recommendation (AGOPRIV000010-

2  AGOPRIV000013); and

3      6. Incident Report Summary generated from CDCR's internal SOMS on September 16,

4  2025 (AGOPRIV000014-AGOPRIV000017).

5      Defendants argue that these documents are subject to the official information privilege

6  because they were generated after the cell extraction for administrative review purposes by

7  individuals who were not present or directly involved in the incident.  Defendants assert that

8  production of these documents could educate inmates about CSP's administrative review policies,

9  impede future administrative review, and subject staff to unwarranted claims of misconduct.

10  Defendants further argue that certain documents contain confidential personnel information.

11  Finally, Defendants assert that the Incident Report Summary was generated in response to

12  litigation and is protected as legal work product.

      Notably, Defendants represent that they "have already produced to Plaintiff a

13  comprehensive Incident Report Package, which contains witness statements and evidence that

14  were generated from the investigation of the subject incident that occurred on September 24,

15  2023. These documents were produced to Plaintiff as AGO000028-AGO000083."

16  **II.    LEGAL STANDARDS**

17      Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery

18  "regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R.

19  Civ. P. 26(b)(1).  Questions of privilege in federal civil rights cases are governed by federal law.

20  Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir.

21  1975), *aff'd*, 426 U.S. 394 (1976).

22      The "common law governmental privilege (encompassing and referred to sometimes as

23  the official or state secret privilege) . . . is only a qualified privilege, contingent upon the

24  competing interests of the requesting litigant and subject to disclosure."  *Kerr v. U.S. Dist. Ct. for*

25  *N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted).  The Ninth Circuit has

26  since followed *Kerr* in requiring in camera review and a balancing of interests in ruling on the

27  government's claim of the official information privilege.  *See, e.g.*, *Breed v. U.S. Dist. Ct. for N.*

28  *Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in

1  camera review is a highly appropriate and useful means of dealing with claims of governmental

2  privilege.'") (quoting *Kerr*, 426 U.S. at 406; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–

3  34 (9th Cir. 1990) ("Government personnel files are considered official information. To

4  determine whether the information sought is privileged, courts must weigh the potential benefits

5  of disclosure against the potential disadvantages. If the latter is greater, the privilege bars

6  discovery.") (internal citations omitted).

7  **III.    ANALYSIS**

8  Applying the legal standards set forth above, the Court first considers the potential

9  benefits of disclosure.

10  As an initial matter, the withheld documents do not contain any witness statements or

11  direct evidence of the incident in question.  Again, defendants have represented that "Defendants

12  have already produced to Plaintiff a comprehensive Incident Report Package, which contains

13  witness statements and evidence that were generated from the investigation of the subject incident

14  that occurred on September 24, 2023."  In contrast, the documents Defendants seek to withhold

15  concern internal evaluations regarding policies and procedures for administrative review.  Such

16  internal evaluations are not direct evidence of the incident in question and thus have limited, if

17  any, relevance to resolving the issues in this case.

18  In considering the potential benefits of disclosure, the Court has also considered whether

19  the topics at issue in these internal evaluations relate to the claims in the case.  In its screening

20  order, the Court permitted Plaintiff to proceed on his claim for unconstitutional conditions of

21  confinement based on "Plaintiff's allegations that all Defendants either (1) placed him in a cell

22  recently contaminated with a chemical spray or (2) failed to take any action after he complained

23  about not being able to breathe (along with experiencing other serious symptoms)."  (ECF No. 7,

24  at p. 6).  The Court permitted Plaintiff to proceed on his claim for deliberate indifference to

25  serious medical needs based on Plaintiff's allegations "that he was placed in a cell contaminated

26  by a chemical spray despite his complaints to Defendants of being unable to breathe.  He was

27  then removed from the cell, with the only medical treatment being a check of his vitals. Shortly

28  thereafter, he was returned to the same cell. This exposure resulted in Plaintiff not being able to

breathe . . . ."  (ECF No. 7, at p. 7-8).

3

1   The Court has reviewed the submitted records and finds that they do not concern either of

2   these issues.

3       The Court has also considered the potential disadvantages of disclosure.  Defendants have

4   represented that the documents are maintained confidentially and not disclosed to inmates or the

5   public.  Defendants argue that disclosure of these confidential documents could diminish the

6   effectiveness of the review process and expose staff members to danger.  While the Court does

7   not necessarily agree that disclosure of such documents would dimmish the effectiveness or the

8   review process or expose staff members to danger, it finds that disclosure would reveal details of

9   a process that CDCR has decided to keep confidential.  The Court thus finds that there is some

10  potential disadvantage to disclosure of the documents.

11      After weighing the potential benefits with disadvantages of disclosure, the Court finds that

12  Defendants are entitled to withhold these documents under the official information privilege

13  because the potential disadvantages of disclosure, while limited, outweigh the relevance of the

    documents to the litigation.

14  **IV.    CONCLUSION**

15      For the foregoing reasons, Defendants' objections to production of documents (ECF No.

16  40) are sustained.

17

18  IT IS SO ORDERED.

19

20      Dated:    **November 21, 2025**              /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

4