UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br><br>             Plaintiff,<br><br>      v.<br><br>FOSTER, *et al.*,<br><br>             Defendants. | Case No. 1:24-cv-01341-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT AN INDEPENDENT EXPERT<br><br>(ECF No. 60) |

## I.      INTRODUCTION

Plaintiff Julian J. Alexander is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 6). Generally, Plaintiff alleges that Defendants, all prison staff, violated his Eighth Amendment rights by placing him in a cell contaminated with a chemical spray and thereafter denying him medical care. He also argues that Defendants' conduct constitutes negligence under California law. The case proceeds on Plaintiff's claims for unconstitutional conditions of confinement under the Eighth Amendment, deliberate indifference to serious medical needs under the Eighth Amendment, and negligence under California law. (ECF No. 7).

Now before the Court is Plaintiff's motion to appoint an independent expert. (ECF No. 60). For the reasons explained below, the Court will deny this motion.

## II.      MOTION TO APPOINT AN INDEPENDENT EXPERT

Plaintiff asks the Court to appoint an expert witness "to investigate" this case and provide "a report and testify at trial" regarding whether Defendants "[exercised] due care" and other

1

issues concerning the events alleged in the complaint. (ECF No. 60, p. 1). Plaintiff also asks for the appointment of "a digital tech/forensic analyst to discern rather or not any footage has been altered or deleted in any way." (*Id.* at 2) (minor alterations). He generally asserts that expert testimony will help clarify issues for the Court and jury.

The Court "has the discretion to appoint an expert" pursuant to Rule 706(a). *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states as follows: "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

"Rule 706 should be invoked only in rare and compelling circumstances." *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009). Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (noting that the district court appointed an independent medical expert where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943, 945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."). However, independent experts are not appointed for the purpose of advocating for one party. *See Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (noting that "Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses").

The Court will not appoint any independent expert. Plaintiff has not demonstrated that the Court needs to appoint an independent expert to understand the issues in this case. Plaintiff does not identify any complex issues that need clarification; rather, he appears to seek expert testimony to serve as an advocate for him, which is not a proper reason for a court-appointed expert.

**III.   CONCLUSION AND ORDER**

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint an independent expert is DENIED. (ECF No. 60).

IT IS SO ORDERED.

Dated:   **February 23, 2026**          /s/ _Eric P. Grosjean_
                                         UNITED STATES MAGISTRATE JUDGE