UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN J. ALEXANDER,<br>Plaintiff,<br>v.<br>GUILLEN, *et al.*,<br>Defendants. | Case No. 1:24-cv-01341-KES-EPG (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF Nos. 64)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR A RULING ON HIS MOTION TO COMPEL<br><br>(ECF NO. 69) |

Plaintiff Julian J. Alexander is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his Eighth Amendment rights by placing him in a cell contaminated with a chemical spray and thereafter denying him medical care. Plaintiff proceeds on his claims for unconstitutional conditions of confinement and deliberate indifference to serious medical needs under the Eighth Amendment, in addition to a negligence claim under California law.

Now before the Court is Plaintiff's motion to compel Defendants to provide further responses to certain interrogatories, requests for production of documents, and requests for admission. (ECF No. 64). Defendants filed a response on May 15, 2026. (ECF No. 66). No reply was filed, and on August 12, 2026, plaintiff filed a motion for ruling on his motion to compel. (ECF No. 69).

For the reasons explained below, the Court will grant Plaintiff's motion to compel, (ECF No. 64), in part and deny Plaintiff's motion in part. The Court will also grant Plaintiff's motion for a ruling, (ECF No. 69), to the extent the Court is issuing this order.

## I. BACKGROUND

Plaintiff filed his complaint on November 1, 2024, based on an incident that occurred on September 24, 2023, while Plaintiff was incarcerated at California state prison (Corcoran). (ECF No. 1). Plaintiff alleges that on this date, while he was in a "mental health crisis bed" receiving "nothing but inconclusive, manipulative, and evasive answer(s)" to his questions regarding the "suspicious and unannounced move of his clinician, Ms. Enriquez," he "made the decision to take his food port at cell #22 hostage [] at medication pass." (*Id.* at 14). After repeated attempts to "evaluate [and] deesculate [sic]" the situation, Plaintiff was instructed to "exit the cell to recieve [sic] an involuntary injection of Zyprexa[] and to be put back on [] suicide watch." (*Id.* at 14-16). When Plaintiff refused to comply, a "controlled use of force (cell extraction) ensued via the use of a chemical agent," which, according to Plaintiff, is "an extreamly [sic] powerful chemical agent designed to absorb all of the oxygen out of the air." (*Id.* at 16).

Plaintiff contends that he "immediate[ly] surrendered," and after receiving the injection, he was "immediately forc[ed] [] right back into the same contaminated cell #22" despite protesting and informing all bystanders "that he could not breathe." (*Id.* at 16-17). After Plaintiff stated that he was having chest pains, he was brought to the nursing area, where his vitals were taken, and "within minutes he was [again] escorted back to cell #22 in protest." (*Id.* at 18).

The Court screened Plaintiff's complaint and permitted Plaintiff to proceed on the following claims against Defendants Geean, Foster, Rios, Millard, Torres, Gray, Bui, Thoa, and John Doe: unconstitutional conditions of confinement under the Eighth Amendment; deliberate indifference to serious medical needs under the Eighth Amendment; and negligence under California law. (ECF No. 7 at 1).

On May 28, 2025, the Court issued an order requiring the parties to submit statements regarding schedule and discovery. (ECF No. 25). As part of that order, the Court required the parties to disclose "The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial." (*Id.* at 1). Notably, in their statement,

Defendants stated "Other than the individual Defendants, Defendants do not currently anticipate calling any percipient witnesses at trial." (ECF No. 26 at 4).

On July 7, 2025, the Court issued a discovery order "direct[ing] that certain documents that are central to the dispute be promptly produced." (ECF No. 29 at 1) (footnote omitted). Specifically, the Court ordered the parties to produce certain documents "without awaiting a discovery request," including the following categories or documents: "Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any;" and "Video recordings and photographs related to the incident(s) at issue in the complaint, including video recordings and photographs of Plaintiff taken following the incident(s), if any." (*Id.* at 2-3) (footnote omitted). The Court's order further stated that "Defense counsel is requested to obtain these documents from Plaintiff's institution(s) of confinement. If defense counsel is unable to do so, defense counsel should inform Plaintiff that a third-party subpoena is required." (*Id.* at 2).

## II. PLAINTIFF'S MOTION TO COMPEL

On April 17, 2026, Plaintiff filed a "Motion to Compel Defendants['] Compliance with Discovery Request(s)." (ECF No. 64). Plaintiff asks for an order "compelling the defendants to (a) re' answer plaintiffs interrogatories, (b) fulfill in an adequate fashion, the plaintiffs requests for the production of documents and (c) provide adequate responses to plaintiffs requests for admission." (*Id.* at 1). Plaintiff's motion specifically asks for the production of video recordings of the incident on September 24, 2023, and documents responsive to Request for Production Nos. 5 and 6 from Defendant Foster, in addition to further responses to Interrogatory Nos. 1, 3, 4, 8, and 13 from all defendants. (ECF No. 64). In his motion, Plaintiff generally contends that Defendants' responses are evasive, argumentative, and incomplete, and that as of the date of his motion, Defendants still had not yet produced the requested video footage of the incident. (*Id.* at 7-10, 15-18).[1]

Defendants filed a response on May 15, 2026. (ECF No. 66). They contend that in accordance with Defendant Foster's response to Request for Production Nos. 3 and 4, on February 17, 2026, Plaintiff was provided an opportunity to view video footage of the incident

[1] Although Plaintiff states that he seeks to compel responses to his Requests for Admissions and Interrogatory Nos. 6, 10, 12, 14, and 15, he provides no argument for these requests. (*Id.* at 1, 4).

taken with a handheld camera, and on April 28, 2026, Plaintiff was provided an opportunity to view all body-worn camera footage of the incident, and accordingly, he had "been provided an opportunity to view all available recorded video footage in Defendants' possession, custody, or control regarding the subject incident." (*Id.* at 3-4, 6-7) (citations omitted). Defendants also argue that their responses to Interrogatory Nos. 1, 3, 4, 8, and 13 were sufficient, as were Defendant Foster's responses to Requests for Production Nos. 5 and 6. (*Id.* at 6-10). Finally, Defendants assert Plaintiff's motion should be denied to the extent Plaintiff claims Defendants Guillen, Rios, Bui, Millard, Torres, Gray, Chao, or Roque owe outstanding or amended responses to any Requests for Production, and because his motion "fails to provide a legal basis for compelling a further or amended [Requests for Admissions] response[.]" (*Id.* at 5).

Plaintiff did not file a reply to Defendants' opposition.

On August 12, 2026, he filed a motion for ruling on his motion to compel. (ECF No. 69).

## III. LEGAL STANDARDS

Requests for production of documents and electronically stored information are governed by Federal Rule of Civil Procedure 34 and permit a party to serve "a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Interrogatories are governed by Federal Rule of Civil Procedure 33, and "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(b).

As such, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.401.

Moreover, Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if a "party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

## IV. DISCUSSION

Although at times Plaintiff's motion refers generally to many of his requests for production of documents, interrogatories, and requests for admission, Plaintiff's motion specifically addresses a few discovery requests, which the Court will address in turn.

### A. Video Footage of the Incident (Requests for Production Nos. 3-4)

Plaintiff challenges Defendant Foster's responses to the following requests for production of documents:

> **REQUEST FOR PRODUCTION NO. 3:**
> (AVSS wall mounted) camera footage from 9/24/23 incident
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
> Defendant objects to this Request on the following grounds: (1) it is vague and ambiguous; and (2) it seeks documents that are protected by the official information privilege for the safety and security of the institution, staff, and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Without waiving, and subject to these objections, Defendant responds as follows: Pursuant to the Court's Order (ECF No. 29), the undersigned counsel for Defendant is coordinating with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view available video recordings regarding that are currently in Defendant's possession, custody, or control regarding the subject incident that occurred on September 24, 2023.

> **REQUEST FOR PRODUCTION NO. 4:**
> Footage from all defendants body cameras, from 9/24/23 incident
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
> Defendant objects to this Request on the following grounds: (1) it is vague and ambiguous; and (2) it seeks documents that are protected by the official information privilege for the safety and security of the institution, staff, and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Without waiving, and subject to these objections, Defendant responds as follows: Pursuant to the Court's Order (ECF No. 29), the undersigned counsel for Defendant is coordinating with staff at Plaintiff's institution of confinement to ensure that Plaintiff is able to view available video recordings regarding that are currently in Defendant's possession, custody, or control regarding the subject incident that occurred on September 24, 2023.

(ECF No. 66-2 at 24).

In their opposition, Defendants state that Plaintiff has "been provided an opportunity to view all available video footage recordings in [their] possession, custody, or control regarding the subject incident." (ECF No. 66 at 6-7) (citation omitted).

Plaintiff has not filed any reply contesting this assertion.

As it appears that Plaintiff has now been provided with all videos of the incident, the Court will deny Plaintiff's motion to compel Requests for Production 3 and 4.

**B. Request for Production No. 5**

Plaintiff next challenges Defendant Foster's response to the following document request:

> **REQUEST FOR PRODUCTION NO. 5:**
> 7362 sick call slips from 2023 September 25, through August 21, 2025.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**
> Defendant objects to this Request on the following grounds: (1) it is vague and ambiguous as to the patient/incarcerated person requesting the sick call slips; (2) it is overbroad as to scope and time; (3) to the extent it seeks Plaintiff's sick call slips that are unrelated to the subject incident, it seeks the production of documents that are not relevant to any party's claim or defense and is unduly burdensome, expensive, and intrusive; (4) it seeks documents that are equally available to Plaintiff, and is therefore, unduly burdensome; (5) the requested information is not within the regular possession, custody or control of Defendant; (6) it seeks the production of documents that are not relevant to any party's claim or defense and is unduly burdensome, expensive, and intrusive; (7) it seeks documents that may be protected by the official information privilege for the safety and security of the institution, staff, and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991); and (8) it seeks disclosure of

> information that may violate the privacy rights of inmates and other individuals who are not parties to this lawsuit and the possession of which would violate California Code of Regulations, Title 15, § 3370(b) and California Department of Corrections and Rehabilitations' Department Operations Manual Chapter 7. Based on these objections, Defendant will not produce any documents in response to this Request.

(ECF No. 66-2 at 25).

Plaintiff argues that Defendant Foster's "boilerplate objections" are insufficient since the "records are not equally available to [him] because C.D.C.R. has been avoiding the disclosure of these documents by refusing to hand them over." (ECF No. 64 at 16-17). He contends that he needs these documents "to support the substantiation of injury to his person," and his case "will be prejudiced without being able to obtain these discoverable documents." (*Id.* at 17).

In response, Defendants argue that, "[a]s stated in Defendant Foster's objections, Plaintiff's request is overbroad as to time and scope, since the requested time period spans approximately two years after the subject incident that occurred on September 24, 2023, and the requested documents are therefore unrelated to the subject incident." (ECF No. 66 at 7) (citation omitted). Defendants also argue that the "documents are equally available to Plaintiff because [he] has the ability to request these records directly from his central file, rendering the request unduly burdensome and expensive." (*Id.*).

Upon consideration, the Court will deny Plaintiff's motion to compel Defendant Foster's response to Request for Production No. 5. First, Plaintiff's request for all Health Care Service Request Forms over a period of nearly two years after the subject incident is overbroad and exceeds the scope of this action, which is brought based on a single incident that occurred on September 24, 2023.

Moreover, the Court has already ordered Defendants to produce "Plaintiff's medical records related to the incident(s) and/or condition(s) at issue in the case, if any." (ECF No. 29 at 2).

**C. Request for Production No. 6**

Plaintiff also challenges Defendant Foster's response to the following request for production:

**REQUEST FOR PRODUCTION NO. 6:**

> Disclosures of names and addresses of individuals likely to have discoverable information that defendant's may or may not use to thwart plaintiffs claims mandated by FRCP 26(a)(i)A(i)
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**
> Defendant objects to this Request on the following grounds: (1) it is vague and ambiguous as to the terms "thwart"; (2) it does not purport to seek the production of documents and is therefore not a proper request pursuant to Federal Rule of Civil Procedure 34; (3) it seeks confidential peace officer information within the meaning of California Penal Code § 832.7 and the California Peace Officer's Bill of Rights and violates the procedures outlined in California Evidence Code §§ 1043 and 1045; (4) it seeks personnel records that are protected from disclosure by California Government Code section 6254 and California Code of Regulations, Title 15, §§ 3450(d) and 3321; (5) it seeks disclosure of information that may violate the privacy rights of inmates and other individuals who are not parties to this lawsuit and the possession of which would violate California Code of Regulations, Title 15, § 3370(b) and California Department of Corrections and Rehabilitations' Department Operations Manual Chapter 7; and (6) it violates the attorney-client privilege and work product doctrine.
> Without waiving, and subject to these objections, Defendant responds as follows: Based on these objections, no documents will be produced. Defendant will comply with Federal Rules of Civil Procedure 26(a)(3)(A), (B) and disclose witnesses and evidence to Plaintiff at least thirty days before trial.

(ECF No. 66-2 at 25-26).

Plaintiff argues that Defendant Foster's response to this request is evasive because the term "thwart" is "a common term used on a regular [sic]" and is not vague, and the request "is [] in fact a document request" that is "straight forward and pretty self explainatory [sic]." (ECF No. 64 at 18). He contends that he seeks to "discover what information these possible witnesses have that the defendants intend on using to try and discredit [his] story or defense." (*Id.*).

In response, Defendants argue that Defendant Foster "properly objected because the [request] does not actually seek the production of documents and is therefore not a proper request under Federal Rule of Civil Procedure 34." (ECF No. 66 at 7) (citation omitted). Moreover, Defendants contend that because the request "purports to seek an identification of trial witnesses," Defendant Foster's objections should be sustained because he responded that he would comply with Federal Rule of Civil Procedure 26(a)(3)(A) and (B) by disclosing the identity of trial witnesses at least 30 days before trial. (*Id.*).

Upon consideration, the Court will deny Plaintiff's motion to compel Defendant Foster's response to Request for Production No. 6 as it is not a proper request for documents under Federal Rule of Civil Procedure 34(a).

Moreover, the Court already required Defendants to disclose "The name and, if known, the address and telephone number of each witness, besides expert witnesses, the party may call at trial," (ECF No. 25 at 1), and Defendants' scheduling and discovery statement stated "Other than the individual Defendants, Defendants do not currently anticipate calling any percipient witnesses at trial," (ECF No. 26 at 4).

**D. Interrogatory No. 1**[2]

Next, Plaintiff challenges Defendants' responses to Interrogatory No. 1, which states:

> **INTERROGATORY NO. 1:**
> How powerful is the chemical agent that was used on the plaintiff on September 24, 2023, and what was it called?
>
> **DEFENDANT FOSTER'S RESPONSE TO INTERROGATORY NO. 1:**
> Defendant objects to this Interrogatory on the grounds that: (1) it is vague and ambiguous as to the terms "powerful," and "called," requiring Defendant to speculate as to the intended meaning of these terms; (2) it is compound, as it impermissibly contains multiple subparts; (3) it calls for an expert opinion; and (4) it seeks information that is protected by the official information privilege for the safety and security of the institution, staff and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Subject to, and without waiving, these objections, Defendant responds as follows: Defendant utilized standard-issued MK-9 Oleoresin Capsicum (OC) Pepper Spray (Vapor).

(ECF No. 64 at 46).

Plaintiff asserts that Defendants' responses were "evasive, argumentative, and incomplete" and he "still needs the defendants to respond further, without objection to this interrogatory." (*Id.* at 7).

In response, Defendants argue that Plaintiff's motion is without merit, since they "substantively responded by stating 'standard-issued MK-9 Oleoresin Capsicum (OC) Pepper Spray (Vapor)' was used." (ECF No. 66 at 8) (citation omitted). With respect to Plaintiff's

---

[2] Although Plaintiff challenges all Defendants' responses to Interrogatory Nos. 1, 3, 4, 8, and 13, the Court has quoted Defendant Foster's responses to the relevant interrogatories but notes that the remaining defendants' responses are "substantively the same[.]" (ECF No. 66 at 6); see also (ECF No. 66-4).

request that Defendants answer "[h]ow powerful [] the chemical agent" was, Defendants contend that they "properly objected that such a request is vague and ambiguous, calls for speculation, and improperly calls for an expert opinion." (*Id.*).

Upon consideration, the Court will deny Plaintiff's motion to compel responses to Interrogatory No. 1. Defendants have identified the type of substance used during the incident as requested. Further, Plaintiff fails to set forth any basis for compelling Defendants to further respond to "[h]ow powerful [] the chemical agent [] was." The Court agrees that the request is vague insofar as it requests "how powerful" the chemical agent was.

**E. Interrogatory No. 3**

Plaintiff also challenges Defendants' responses to Interrogatory No. 3, which states:

> **INTERROGATORY NO. 3:**
> What as far as you are aware of was the purpose of PC2602 injection if the plaintiff was calm? What exactly made the injection necessary?
>
> **DEFENDANT FOSTER'S RESPONSE TO INTERROGATORY NO. 3:**
> Defendant objects to this Interrogatory on the grounds that: (1) it is vague and ambiguous as to the terms "purpose," "pc2602 injection," "already calm," and "necessary," requiring Defendant to speculate as to the intended meaning of these terms; (2) it is compound, as it impermissibly contains multiple subparts; (3) it is argumentative as it requires the adoption of an assumption, lacks foundation, calls for speculation, and assumes facts not in evidence; (4) it calls for an expert opinion; and (5) it seeks information that is protected by the official information privilege for the safety and security of the institution, staff and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Subject to, and without waiving, these objections, Defendant responds as follows: In accordance with Federal Rules of Civil Procedure 33(d), Defendant refers Plaintiff to the Incident Report Package regarding the subject incident that occurred on September 24, 2023, which has already been produced as AGO000028-AGO000083.

(ECF No. 64 at 47).

Plaintiff argues that "the question may contain subparts[,]" but "it is very clear as far as the meaning goes." (*Id.* at 8). He asserts that "the information requested is discoverable" and "does not pose any breach a [sic] safety and security to the institution." (*Id.*). He also contends that the "'incident package' does not provide any answers to either of the interrogator[y] questions." (*Id.*).

In response, Defendants argue that Plaintiff's mere disagreement with the objections "without providing a legal basis for his disagreement" is insufficient, and regardless, Defendants substantively responded to the request "by referring Plaintiff to the Incident Report Package, in accordance with Federal Rules of Civil Procedure 33(d)." (ECF No. 66 at 8) (citation omitted).

Upon consideration, the Court will deny Plaintiff's motion to compel responses to Interrogatory No. 3. Plaintiff has not shown how the reasons for his involuntary medication are relevant to the issues in this case, which concern his placement in a "contaminated" cell, rather than the basis for his medication before entering the cell.

**F. Interrogatory No. 4**

Next, Plaintiff challenges Defendants' responses to Interrogatory No. 4, which states:

> **INTERROGATORY NO. 4:**
> It was stated that plaintiff was provided a new smock prior to being forced back into the cell, is that after reviewing the video footage (you say you have) still your argument or position?
>
> **DEFENDANT FOSTER'S RESPONSE TO INTERROGATORY NO. 4:**
> Defendant objects to this Interrogatory on the grounds that: (1) the Interrogatory is vague and ambiguous in its entirety causing Defendant to speculate as to the intended meaning; (2) it is argumentative as it requires the adoption of an assumption, lacks foundation, calls for speculation, and assumes facts not in evidence; (3) it may seek information from personnel records that is protected from disclosure by California Government Code § 6254 and California Code of Regulations, Title 15 §§ 3450(d) and 3321; and (4) it may seek information that is protected by the official information privilege for the safety and security of the institution, staff and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Based on these objections, Defendant is unable to respond to this Interrogatory as phrased.

(ECF No. 64 at 48).

Plaintiff argues that his question "was very direct and contained reasonable particularity," "there is no margin for confusion or speculation," the "foundation is sound," and "this is discoverable information" that "is not protected by privilege." (ECF No. 64 at 8).

In response, Defendants argue that the request is "unintelligible," and that they "stand[] on [their] objection that [they are] unable to respond to the Interrogatory as phrased." (ECF No. 66 at 9).

Upon consideration, the Court will grant Plaintiff's motion to compel responses to Interrogatory No. 4. The Court finds that Plaintiff is entitled to a supplemental response as to whether Defendants currently contend that Plaintiff was provided with a new smock before being put back into his cell.

**G. Interrogatory No. 8**

Plaintiff also challenges Defendants' responses to Interrogatory No. 8, which states:

> **INTERROGATORY NO. 8:**
> What are the names of the medical staff on duty on the evening of this event, and are they still employed at CSP (Corcoran)
>
> **DEFENDANT FOSTER'S RESPONSE TO INTERROGATORY NO. 8:**
> Defendant objects to this Interrogatory on the grounds that: (1) it is overbroad, as it seeks the identification of all "Medical staff on duty," regardless of whether they were involved in the subject incident; (2) it is vague and ambiguous as to the terms "Medical staff," "on duty," and "this event," requiring Defendant to speculate as to the intended meaning of these terms; (3) it is compound, as it impermissibly contains multiple subparts; (4) it seeks information from personnel records that is protected from disclosure by California Government Code § 6254 and California Code of Regulations, Title 15 §§ 3450(d) and 3321; and (5) it may seek information that is protected by the official information privilege for the safety and security of the institution, staff and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Subject to, and without waiving, these objections, Defendant lacks sufficient knowledge or information to respond to this Interrogatory. In the spirit of good faith and cooperation, Defendant refers Plaintiff to the Incident Report Package regarding the subject incident that occurred on September 24, 2023, which has already been produced as AGO000028-AGO000083, as well as Plaintiff's medical records, which are equally available to Plaintiff.

(ECF No. 64 at 50).

In his motion to compel, Plaintiff states "at this time [he] would like to provide clairity [sic] to this interrogatorry [sic] with instructions to the defendants in regard to what information is being sought." (*Id.* at 9). Specifically, Plaintiff explains that the term "medical staff" means "nurses, or psych techs involved in the [] incident," and the term "this event" means the September 24, 2023, "use of force." (*Id.*).

In response, Defendants argue that the request as written is "woefully overbroad and seeks the identity of any and all medical professionals, regardless of whether they treated Plaintiff or were involved in the subject incident," and "even with Plaintiff's purported clarification," the

requested information "is available in the Incident Report Package and Plaintiff's own medical records, which have been produced to Plaintiff." (ECF No. 66 at 9) (citation omitted).

Upon consideration, the Court will grant Plaintiff's motion to compel responses to Interrogatory No. 8 in part. The Court will require Defendants to supplement their responses to identify "the nurses, or psych techs involved" in the September 24, 2023, "use of force."

**H. Interrogatory No. 13**

Finally, Plaintiff challenges Defendants' responses to Interrogatory No. 13, which states:

> **INTERROGATORY NO. 13:**
> When plaintiff was forced back into cell #22 on the second time, did everybody walk away from that location?
>
> **DEFENDANT FOSTER'S RESPONSE TO INTERROGATORY NO. 13:**
> Defendant objects to this Interrogatory on the grounds that: (1) it exceeds the amount of interrogatories allowed by the Court's Scheduling Order (ECF No. 28), including subparts; (2) it is unintelligible as phrased; (3) it is vague and ambiguous as to the terms "forced," "second time," "everybody," and "walk away," requiring Defendant to speculate as to the intended meaning of these terms; (4) it is argumentative as it requires the adoption of an assumption, lacks foundation, calls for speculation, and assumes facts not in evidence; (5) it seeks information that may be protected by the official information privilege for the safety and security of the institution, staff and inmates. *See Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991).
> Subject to, and without waiving, these objections, Defendant responds as follows: Defendant is unable to respond to this Interrogatory as phrased. In the spirit of good faith and cooperation, and in accordance with Federal Rules of Civil Procedure 33(d), Defendant refers Plaintiff to the Incident Report Package regarding the subject incident that occurred on September 24, 2023, which has already been produced as AGO000028-AGO000083.

(ECF No. 64 at 53).

Plaintiff argues Defendants' responses are argumentative, incomplete, evasive, and "manipulatively a boilerplate objection." (*Id.* at 10).

In response, Defendants argue that this interrogatory is unintelligible, and they have "substantively responded to the extent possible" by "referring Plaintiff to the Incident Report Package which documents in detail a chronology of the subject incident, in accordance with Federal Rules of Civil Procedure 33(d)." (ECF No. 66 at 9-10) (citation omitted).

Upon consideration, the Court will grant Plaintiff's motion to compel responses to Interrogatory No. 13 in part, and require Defendants to provide supplemental responses to

indicate whether Defendants walked away from Plaintiff's cell after putting him "back into cell #22 on the second time[.]" The Court finds that this information is relevant and within the scope of discovery.

**V. CONCLUSION AND ORDER**

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to compel is GRANTED in part. (ECF No. 64).
2. Within 30 days from the entry of this order, Defendants shall provide supplemental responses to Plaintiff's interrogatories as specified below:
   a. Defendants shall provide a supplemental response to Interrogatory No. 4 as to whether Defendants currently contend that Plaintiff was provided with a new smock before being put back into his cell.
   b. Defendants shall provide a supplemental response to Interrogatory No. 8 to identify "the nurses, or psych techs involved" in the September 24, 2023, "use of force."
   c. Defendants shall provide a supplemental response to Interrogatory No. 13 to indicate whether Defendants walked away from Plaintiff's cell after putting him "back into cell #22 on the second time[.]"
3. Plaintiff's motion for ruling is GRANTED insofar as the Court is issuing this ruling. (ECF No. 69).

IT IS SO ORDERED.

Dated: **August 27, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE